IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| Yolita Cordova, *et al.* | * |
| Plaintiffs | * |
| v. | * |
| | *   Civil Action No. |
| Baltimore Auto Locators, Inc. | * |
| T/A Pace Car, *et al.*, | * |
| Defendants | * |

\* \* \* \* \* \* \*

## NOTICE OF REMOVAL

The Defendant, Nicholas Financial, Inc. ("NFI"), by and through its attorney, Amy K. Kline, pursuant to 28 U.S.C. §§1441, *et seq.*, 28 U.S.C. §1331 and 15 U.S.C. §2310(d), hereby files this Notice of Removal of *Yolita Cordova, et al. v. Baltimore Auto Locators, Inc. T/A Pace Car, et al.*, Case No. 24-C-15-002235 OC, from the Circuit Court for Baltimore City, Maryland to this Court. As grounds for removal, NFI states as follows:

1. Pursuant to Local Rule 103.5, filed with this Notice of Removal is Exhibit No. 1 which is a true and legible copy of all "process, pleadings, documents and orders" which has been served upon it. It is reproduced in the order the papers were served on Defendant NFI, including service of discovery to each of the named Defendants.

2. This is the second and factually identical lawsuit filed by the Plaintiffs in the Circuit Court of Baltimore City within a three (3) month period in which they assert that the unserved Defendants, Pace Car and Hagar, sold them a defective used car, and that NFI is purportedly liable for their wrongdoing pursuant to the "holder language" of the finance contract and that NFI illegally attempted to collect a debt from them (See Exhibit No. 2, *Alex Cordova, et al. v. Baltimore Auto Locators, Inc. T/A Pace Car, et al.*, Civil

Action No. Civil Action No. 15-01187 @ ECF #1 and Exhibit No. 3, *Alex Cordova, et al. v. Baltimore Auto Locators, Inc. T/A Pace Car, et al.*, Case No. 24-C-15-002235).

3. Other than the filing date, the Case Information Sheets filed by the Plaintiffs are identical, including their request for monetary relief (See Exhibit Nos. 4 and 5).

4. Almost as soon as it was removed for a federal question, specifically the Magnuson–Moss Warranty Act, and diversity, and before the expiration of NFI's time to answer, Plaintiffs voluntarily dismissed their lawsuit and by doing so certified to this Court pursuant to Rule 11 that the filing was warranted by existing law and without improper purpose (Civil Action No. 15-01187, ECF #9).

5. Three (3) days after dismissal, however, the true intent of Plaintiffs' dismissal became clear when they refiled the same lawsuit in the Circuit Court of Baltimore City, alleging the exact *verbatim* "FACTS," but this time withdrawing the Magnuson–Moss Warranty Act count thereby eliminating the federal question, and pretending that their damages were now $1.01 less than in their previous action to disingenuously attempt to slip just beneath the jurisdictional threshold by praying damages in the amount of $74,999.00 for each count (See Exhibit No. 2).

6. Nonetheless, because Plaintiffs have pled their damages in "bad faith," this Court retains jurisdiction by diversity.

7. First, it is undisputed that the Defendant, NFI, is a Florida Corporation (See Exhibit No. 6, Florida Department of State Division of Corporations) and properly registered in the State of Maryland as a foreign business (See Exhibit No. 7)[1].

---

[1] Although NFI provided evidence of its foreign status in the former Notice of Removal filed @ ECF #1 Civil Action No. 15-01187, Plaintiff again erroneously asserts that it is a "Maryland Corporation," incorrectly suggesting NFI's principal place of incorporation as Maryland and therefore further evidence that the goal of dismissal was solely to evade federal jurisdiction.

8. NFI is the only Defendant served in this matter (See Exhibit No. 8).

9. Consequently, as a foreign entity and the only one served in this action, NFI meets the first diversity requirement that the parties be citizens of different states under 28 U.S.C. §1332 (a) and for removal under 28 U.S.C. §1441 (b)(2).

10. Specifically, in the refiled action Plaintiffs sue the Defendants, jointly and severally, for Fraud, Violation of the Consumer Protection Act ("CPA"), and Breach of Express and Implied Warranties, and with some slight variations, disingenuously seek damages for each count in the purported amount of $74,999.00, including costs and attorneys' fees (See Exhibit No. 3, pp. 7, 9 and 10).

11. The Plaintiffs' "bad faith" pleading efforts begin when they voluntarily dismissed their earlier action pursuant to Fed Rule Civ. P. 41 (a) rather than amend it as required under the liberal leave standard of Fed. R. Civ. Pro 15 (a) permitting the withdraw of the federal claim and reduction of damages (*Iraheta v. United of Omaha Life Ins. Co.*, 353 F. Supp. 2d 592, 595, 2005 U.S. Dist. LEXIS 1008 (2005) (citing *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988), *Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 517-18 (Fed. Cir. 1987); and 5 J. Moore, J. Lucas & J. Wicker, Moore's Federal Practice P 41.06-1, at 41-92 to -93 (1995)), and at the same time permitting this Court to retain jurisdiction even if the federal predicate for doing so at the time of removal no longer exists. *See Mollan v. Torrance*, 22 U.S. (9 Wheat.) 537, 539, 6 L. Ed. 154 (1824); *See also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570-71, 124 S. Ct. 1920, 158 L. Ed. 2d 866 (2004); 28 U.S.C. § 1332 (d)(7) and *See also Vinson v. Bank of America, N.A.*, 2011 WL 1326058, at *2 (D. Md. Apr. 4, 2011).

12. Next, although voluntarily dismissed, Plaintiffs' original Complaint constitutes the best and most competent evidence of the damages the Cordovas truly expect

to recover in this action because the original Complaint was filed under the pleading and certification requirements of the Maryland Rules of Civil Procedure and any attempt by Plaintiffs to deny the correctness of the damages requested therein constitutes an admission of their intentional violation of the rules of civil procedure.

13.  The legal certainty of the original claim for damages is virtually guaranteed by the mandate of Rule 2-305 that requires Plaintiffs to expressly plead whether their damages are less than or in excess of $75,000.00 to determine if the case may be removed to a federal court based on diversity of citizenship (See Exhibit No. 9). Complying with this pleading requirement, the Plaintiffs consciously and purposely elected damages "in excess of $75,000.00," and thus knew and accepted at the time of that filing that the matter case could be removed to this Court. Their subsequent regret of that possibility is not remedied through a subsequent manipulation of damages.

14.  The original Complaint also complied with the certification requirement of Maryland Rule 1-311. By signing the original Complaint (Exhibit No. 2), Plaintiffs' counsel deliberately and knowingly certified that to the best of counsel's knowledge, information, and belief there was good ground to support it and that "it is not interposed for improper purpose or delay." *See* Md. Rule 1-311.

15.  Further, in suing NFI for fraud and violation of the CPA, Plaintiffs allege injuries for loss of their down payment, all payments made relating to the sale and the vehicle, cost of insurance premiums, service contract/warranty expenses and labor, embarrassment, frustration, humiliation, emotional distress, and additionally as prevailing parties are entitled to request statutory attorneys' fees under the CPA which is based on reasonableness (See Md. Code Ann. Comm. Law §13-408 (b)), and not likely to the limitations of the *ad damnum* clause. Consequently, these claims may easily and with

legal certainty exceed the amount prayed by $1.01 and therefore meet the amount of the jurisdictional threshold. Corroboration of Defendant's assertion that the amount recoverable meets the sum for diversity are the Complaints filed in other cases against automobile finance companies by Plaintiffs' counsel in this case for identical causes of action that far exceed $75,000.00 as follows:

> ***Byrne v. Towson Ford Sales, Inc.,*** Civil Action No. 05-02382-CCB (Exhibit No. 10).
>> Violation of CPA – Damages: $500,000 in compensatory, $500,000.00 in punitive, and costs, interest, and attorney's fees allowed by law.
>> Fraud - Damages: $500,000 in compensatory, $500,000.00 in punitive, and costs, interest, and attorney's fees allowed by law, and declaratory relief (Exhibit No. 10).
>
> ***Spence v. HSBC Auto Finance, Inc.***, Civil Action No. 10-00273-SKG (Exhibit No. 11).
>> Violation of CPA – Damages: $500,000 in damages plus costs and attorneys' fees (Exhibit No. 11).
>
> ***Williams v. Wells Fargo Financial Bank***, Civil Action No. 10-00339-JFM (Exhibit No. 12).
>> Violation of CPA – Damages: $500,000 in damages plus costs and attorneys' fees (Exhibit No. 12).

16. Consequently, Plaintiffs have failed to satisfy the "good faith" standard of praying damages and as demonstrated herein the Defendant has demonstrated with competent evidence that Plaintiffs, with legal certainty, expect to claim damages "in excess of $75,000.00" and their refiled action is no more than an improper attempt to deprive NFI of its forum of choice.

17. Venue is proper in this Court under 28 U.S.C. §§100(2) and 1441(a) because the United States District Court for the District of Maryland, Baltimore Division, is the federal judicial district and division for State Court Actions filed in Baltimore City.

18. Removal of the State Court Action is timely. Section 28 U.S.C. §1446 provides that "[t]he notice of removal of a civil action or proceeding shall be filed within

30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based..." This Notice of removal is served within 30 days after NFI was served in this matter on 05/20/2015 (See Service of Process transmittal attached to Exhibit No. 8).

19. As verified by the attached Certificate of Service, NFI has served a copy of this Notice of Removal on all adverse parties through service on Plaintiffs' counsel as required under 28 U.S.C. §1446.

20. On the same day of this filing, as evidenced by the signature of NFI's counsel in this matter, NFI has caused a copy of a Notice of Filing of Notice of Removal to be filed in the State Court Action of the Circuit Court of Baltimore City.

WHEREFORE, having complied with all removal requirements, Defendant NFI hereby gives notice that then State Court Action is removed to this Court.

Dated: 06/15/2015

Respectfully submitted,

/s/ Amy K. Kline
Amy K. Kline, Esquire #08382
35 Franklin Boulevard
Reisterstown, MD 21136
410.526.9551/Fax 410.526.9554
akline@thecreditorsfirm.com
Attorney for NFI

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of June, 2015 a copy of Defendant NFI's Notice of Removal was mailed, first-class and postage pre-paid, to:

Jane Santoni, Esquire
401 Washington Avenue, Suite 200
Towson, MD 21204
Counsel to Plaintiffs

/s/ Amy K. Kline
Amy K. Kline, Esquire