YOLITA CORDOVA
ALEX CORDOVA                              *        IN THE
7701 Oakwood Road #102
Glen Burnie, Maryland 21061               *


     *Plaintiffs*                     *        CIRCUIT COURT

v.                                        *
                                                   BALTIMORE CITY
BALTIMORE AUTO LOCATORS, INC              *
T/A PACE CAR.
2212 Russell Street                       *
Baltimore, Maryland 21203                          CASE NO.:

                                          *

    SERVE ON:
    Steven Boudreaux, Resident Agent   *
    1285 Gittings Avenue
    Baltimore, Maryland 21239           *

and                                       *

Reggie Hagar                              *
2212 Russell Street
Baltimore, Maryland 21230                 *

and                                       *

Nicholas Financial, Inc.                  *
806 Landmark Drive Suite 121
Glen Burnie, MD 21061                     *

                                          *

    SERVE ON:
    The Corporation Trust, Inc.        *
    351 West Camden Street
    Baltimore, Maryland 21201           *

    *Defendants*                       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT
## AND
## PRAYER FOR JURY TRIAL

Plaintiffs, Alex and Yolita Cordova, by and through their attorneys, Jane Santoni and Williams & Santoni, LLP, file this Complaint against Defendants Pace Car Auto Sales, Inc. (hereinafter "Pace Car"), Reggie Hagar (hereafter "Hagar"), and Nicholas Financial, Inc. (hereinafter "Nicholas").

## INTRODUCTION

1.        This action is based on wrongful activities of the Defendants Pace Car and Hagar and Nicholas in selling and financing a vehicle which had severe defects and was misrepresented.  Defendants failed to reveal the truth to the Plaintiff about the car.  In addition, the Plaintiffs were never provided with a copy of the complete buyer's order or the retail installment sales contract and were sold a warranty which was not honored.

## PARTIES

2.        Mr. and Mrs. Cordova are husband and wife.  They are adult, individual citizens of the State of Maryland, currently residing in Glen Burnie, Maryland. At all pertinent times hereto, they were consumers and used the vehicle for personal purposes.

3.        Defendant Pace Car is a Maryland corporation regularly conducting business as a dealer selling automobiles, both new and used, to consumers in Baltimore City, Maryland.  It is a "merchant" as defined by MD. CODE ANN., COMM. LAW § 2-104(1).

4.        Defendant Daniel Hagar regularly conducts business in Maryland and is the manager of Pace Car. He had direct dealings with Mr. and Mrs. Cordova.  He is a "merchant" as defined by MD. CODE ANN., COMM. LAW § 2-104(1).

2

5.      Defendant Nicholas is a Maryland corporation which regularly conducts business as a vehicle finance company in Maryland.   It is a "merchant" as defined by MD. CODE ANN., COMM. LAW § 2-104(1).

## JURISDICTION AND VENUE

6.      The Court has jurisdiction of all causes of actions alleged herein as the claims for relief accrued in Maryland.

7.      This court has venue as the transactions which are the subject of this suit occurred in Baltimore City, Maryland and the defendants regularly conduct business in Baltimore City, Maryland.

## FACTS

8.      All of the actions described below were taken by agents, servants, and/or employees of Defendants so as to make Defendants liable therefore.

9.      The Cordova's purchased a used, 2004 Acura MDX from Pace Car on January 17, 2014.

10.      It was financed by Nicholas Financial pursuant to holder language.

11.      At the time of purchase Mr. Cordova and Mrs. Cordova were told specifically by Defendant Hagar that the vehicle had not been in any accidents and he showed them a clean car fax report.

12.      Shortly after purchase they started having problems with the car and discovered that Pace and Mr. Hagar gave them a Car Fax with an incorrect VIN number and that the actual VIN showed the car had been in about 6 accidents.

13.      Mr. and Mrs. Cordova then took the car to a repair shop and it determined there were numerous problems including a cut and welded frame rail, an improperly closing door, and

3

other improper repairs.  These include a loud whining noise coming from the engine

compartment, a malfunctioning rear ac unit and a vibration when the car is placed in reverse.

14.    Mr. and Mrs. Cordova paid for a warranty and road side assistance, but when they

tried to use them, neither was honored.

15.    The vehicle is dangerous and not safe to drive.

16.    These defects are not new and were present at the time of purchase and are quite

obvious to anyone in the automotive industry.  Obviously the car is not what they bargained for

or what they were promised.  In fact, they were specifically misled with a Car Fax from a

different vehicle.

17.    Pace Car and Hagar knew or should have known that their representations to Mr.

and Mrs. Cordova were false, and made those representations with the intention that Mr. and

Mrs. Cordova would rely on them in buying the vehicle and the warranty.

18.    Mr. and Mrs. Cordova did reasonably rely on Defendants' false statements.

19.    In addition, Mr. and Mrs. Cordova were never shown or given a complete copy of

the buyer's order or a Retail Installment Sales contract.

20.    Mr. and Mrs. Cordova have an absolute right to rescind pursuant to Maryland law

if they were not provided a copy of the complete contract.  Plaintiffs attempted to rescind the

deal but Defendants refused.

21.    By law, any agreement between Plaintiffs and Defendant Nicholas must contain

"Holder Language" which provides that Nicholas is liable for the actions of Pace and its agent

Hagar.  In addition, prior to filing suit, Plaintiffs attempted to resolve this and put Nicholas on

notice of the problems with the transaction.  Despite this Nicholas continued to attempt to collect

4

payments from Plaintiff, thus making it liable for its own actions in illegally attempting to collect a debt not owed.

22.    As a direct result of Defendants' actions they suffered and continue to suffer damages caused by the conduct of Defendants as alleged, including but not limited to the loss of their down payment and all payments they made relating to the sale and the vehicle, the cost of insurance premiums, expenses and labor by Mr. and Mrs. Cordova selling them a vehicle which they cannot operate safely and which has serious and dangerous defects, and a warranty and road side assistance which are useless.  In addition, they have suffered inconvenience, aggravation, embarrassment, frustration, humiliation, and emotional distress.

## COUNT I – FRAUD

## ALL DEFENDANTS

23. The plaintiffs incorporate all previous paragraphs.

24. The conduct of Defendant Pace Car constituted fraud as follows:

   a.    Selling the vehicle which should not have passed inspection and had serious and
         obvious defects

   b.    Selling a vehicle with a false Car Fax report.

   c.    Selling a warranty and road side assistance plan that it knew or should have
         known would not be honored.

25. The conduct of Defendant  Daniel Hagar constituted fraud as follows:

   a.    Selling the vehicle which should not have passed inspection and had serious and
         obvious defects

   b.    Selling a vehicle with a false Car Fax report.

    c.  Selling a warranty and road side assistance plan that it knew or should have known would not be honored.

26.    The misrepresentations above made by Defendants were false and were known by Defendants to be so.

27.    Defendants acted with reckless indifference to the truth or falsity of its representations so as to impute knowledge of falsity to it.

28.    Defendants made these false misrepresentations and/or withheld material information from the Plaintiffs for the specific purpose of inducing Plaintiffs to purchase, finance and continue to pay for the subject vehicle.

29.    The Plaintiffs justifiably relied upon Defendants' above intentional misrepresentations and, as a result thereof, purchased, financed and continued to pay for the subject vehicle and the warranty/roadside assistance.

30.    Mr. and Mrs. Cordova suffered and continue to suffer damages caused by the conduct of Defendants as alleged, including but not limited to the loss of their down payment and all payments they made relating to the sale and the vehicle, the cost of insurance premiums, service contract/warranty expenses and labor by Mr. and Mrs. Cordova, plus embarrassment, frustration, humiliation, and emotional distress.

31.    Defendant Nicholas is liable to Plaintiffs for the acts of Pace and Hagar pursuant to the holder language.

32.    The Plaintiffs would not have purchased, financed or continued to pay for the subject vehicle if they had known the truth.

WHEREFORE, Plaintiff claims damages, including compensatory damages and punitive damages in the amount of $74,999, including costs and attorneys' fees, against each Defendant, jointly and severally.

**COUNT II**
**VIOLATION OF THE CONSUMER PROTECTION ACT**
**DEFENDANTS HAGAR, PACE CAR AND NICHOLAS**

33.     Plaintiff incorporates all prior paragraphs.

34.     The Consumer Protection Act applies as Plaintiff is a consumer, the subject vehicle was bought for consumer use and these are merchants in accordance with MD. CODE ANN., COMM. LAW § 13-101.

35.     As stated previously, Plaintiff bought the subject vehicle from Pace Car. Defendant Hagar was an agent, servant, and/or employee of this company and had direct dealings with Mr. and Mrs. Cordova.

36.     Maryland's Consumer Protection Act, MD. CODE ANN. COMM. LAW § 13-301, deems the following to be an unfair and deceptive trade practice in violation of the law:

a.  False, falsely, disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers. MD. CODE ANN., COMM. LAW § 13-301(1);

b.  Representation that consumer goods…or consumer services have a sponsorship, approval, accessory, characteristic, ingredient, use, benefit or quantity which they do not have. MD. CODE ANN., COMM. LAW § 13-301(2)(i);

c.  Representation that consumer goods...or consumer services are of a particular standard, quality, grade, style, or model which they are not. MD. CODE ANN., COMM. LAW § 13-301(2)(iv);

d.  Failure to state a material fact if the failure deceives or tends to deceive. MD. CODE ANN., COMM. LAW § 13-301(3);

e.  Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of any consumer goods...or consumer service. MD. CODE ANN., COMM. LAW § 13-301(9)(i);

f.  Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the kind of merchandise...or service solicited. MD. CODE ANN., COMM. LAW § 12-301(9)(iii).

37.  Defendants Pace Car and Hagar violated these provisions in the following ways:

a.  Providing an inspection certificate when the subject vehicle should not have passed inspection. Given the defects in the vehicle it should have been obvious that the vehicle should not have passed.

b.  Providing a false Car Fax.

c.  Selling a vehicle without revealing its numerous prior accidents.

d.  Selling a useless service contract and road side assistance package.

e.  Failing to provide the vehicle contract, and then failing to rescind the transaction when asked.

8

f.   These Defendants may have breached this statute in other ways.

38.     Defendant Nicholas is liable to Plaintiffs pursuant to the holder language and for continuing to seek payment on the account after it was notified of the illegal acts and Plaintiff's right to rescind.

39.     Mr. and Mrs. Cordova suffered and continue to suffer damages caused by the conduct of Defendants as alleged, including but not limited to the loss of their down payment and all payments they made relating to the sale and the vehicle, the cost of insurance premiums, service contract/warranty expenses and labor by Mr. and Mrs. Cordova, plus embarrassment, frustration, humiliation, and emotional distress.

40.     WHEREFORE, Plaintiff claims damages in the amount of $74,999 including costs and attorney's fees against Defendants Pace Car, Hagar and Nicholas, jointly and severally.

**COUNT III**
**BREACH OF EXPRESS AND IMPLIED WARRANTIES**
**ALL DEFENDANTS**

41.     Plaintiffs incorporate all prior paragraphs.

42.     The subject vehicle contained implied warranties of merchantability and fitness for a particular use in accordance with MD. CODE ANN., COMM. LAW §§ 2-314 and 2-315. These warranties provided for a properly functioning automobile.

43.     The subject vehicle carried a specific warranty which should have applied to the problems with the subject vehicle, but which was not honored.

44.     The subject vehicle, at the time of sale, did not conform to these warranties because, as set forth above in greater detail, it had mechanical and safety issues that rendered it dangerous.

45.    The value of the subject vehicle to the Plaintiffs, at the time of sale, was substantially impaired by the non-conformities.

46.    Plaintiffs advised Defendants Pace Car and Hagar of the non-conformity and misrepresentation within a reasonable time of discovering the non-conformity, and the condition of the subject vehicle is substantially the same as when Plaintiffs purchased it.

47.    Plaintiffs attempted to revoke their original acceptance and sought return of the purchase price to them, but Defendants Pace and Hagar refused to do so.

48.    Defendant Nicholas is liable under the holder language in the contract.

49.    Plaintiffs have been damaged as a result of Defendants' actions.

WHEREFORE, Plaintiffs claim damages in the amount of $74,999, including costs and attorneys' fees, for breach of warranty against Defendants jointly and severally.

Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
*Attorney for Plaintiffs*

YOLITA CORDOVA
ALEX CORDOVA                                  *        IN THE
7701 Oakwood Road #102
Glen Burnie, Maryland 21061                   *

    *Plaintiffs*                             *        CIRCUIT COURT

v.
BALTIMORE AUTO LOCATORS, INC                  *        BALTIMORE CITY
T/A PACE CAR.
2212 Russell Street
Baltimore, Maryland 21203                     *        CASE NO.:

    SERVE ON:                            *
    Steven Boudreaux, Resident Agent
    1285 Gittings Avenue                 *
    Baltimore, Maryland 21239
                                              *

and
                                              *

Reggie Hagar
2212 Russell Street                           *
Baltimore, Maryland 21230
                                              *

and
                                              *

Nicholas Financial, Inc.
806 Landmark Drive Suite 121                  *
Glen Burnie, MD 21061

                                              *

    SERVE ON:                            *
    The Corporation Trust, Inc.
    351 West Camden Street               *
    Baltimore, Maryland 21201

    *Defendants*                         *

*    *    *    *    *    *    *    *    *    *    *    *    *

## PRAYER FOR A JURY TRIAL

The plaintiffs respectfully pray a jury trial in this case.

11

Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666
*Attorney for Plaintiff*

12